UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - KZ
September 29, 2008 2:12 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY / 

MICHAEL GOLDMAN, by and through
his duly appointed Guardian,
Conservator and Next Friend,
Julia Frank,

   Plaintiff,

vs.

CITY OF KALAMAZOO, KALAMAZOO
POLICE DEPARTMENT and DEREK NUGENT,
in his individual and official
capacity, jointly and severally,

   Defendants.
_____/

Case No.
Hon.

1:08-cv-911
Robert J. Jonker, U.S. District Judge

ARNOLD E. REED & ASSOCIATES, P.C.
ARNOLD E. REED (P46959)
Attorney for Plaintiff
32255 Northwestern Hwy., Ste. 251
Farmington Hills, MI 48334
(248) 855-6330
_____/

  There is no file in this Court between these parties or other parties arising out of the same transaction or occurrences as alleged in this Complaint.

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

  NOW COMES Plaintiff, by and through the Law Offices of Arnold E. Reed & Associates, P.C., by attorney, Arnold E. Reed, and in support of his Complaint against the above-named Defendants, each in their individual and official capacities, jointly and severally, state as follows:

### PRELIMINARY STATEMENT

  1. That this is a civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against the named

Defendants herein. Plaintiff seeks compensatory and punitive damages from the Defendants for violating his constitutional rights to be free from unreasonable search and seizure, false arrest, excessive force, unlawful restraint, false imprisonment and deliberate indifference. The Constitutional violations described herein were committed by the individual Defendants herein and were the result of policies, practices and customs of the Kalamazoo Police Department.

## JURISDICTION AND VENUE

2.  That the United States District Court has jurisdiction pursuant of 28 U.S.C. §§ 1331 and 1343. Proper venue lies in the Western District of Michigan pursuant to 28 U.S.C. § 1391.

3.  That Plaintiff's state law claims are properly before the Court pursuant to doctrines of pendent and/or supplemental jurisdiction.

4.  That the unlawful actions complained of herein were committed in the Southern Division of the Western District of the State of Michigan.

5.  That the Defendant City of Kalamazoo, legally had long condoned misconduct of its Kalamazoo Police Officers in terms of abusing arrested individuals.

## THE PARTIES

6.  That the Plaintiff is a United States citizen and a resident of the City of Kalamazoo, Kalamazoo County, Michigan. Defendant City of Kalamazoo and the Kalamazoo Police Department

2

operate as a municipality organized and existing under the laws of the State of Michigan.

7. That Defendant Derek Nugent was a Kalamazoo Police Officer at all relevant times to this action.

8. That Defendant Derek Nugent acted at all relevant times under color of state law to deprive Plaintiff of his constitutionally protected civil rights. Defendant Derek Nugent is being sued in his individual and official capacities for violating Plaintiff's constitutional rights and for his willful, reckless and wanton conduct, egregious actions , and deliberate indifference to Plaintiff rights and safety.

9. That the actions of Defendant Derek Nugent as set forth herein, constitute a continuing pattern and practice of civil rights abuses by the City of Kalamazoo and the City of Kalamazoo Police Department against persons who live within, or travel through the City of Kalamazoo, and results from the City of Kalamazoo and the Kalamazoo Police Department's establishment of a policy, practice or custom that encourages acquiesces in civil rights violations, specifically violations of the Fourth and Fourteenth Amendments of the United States Constitution. In addition, Defendants unconstitutional actions were a direct and proximate result of the City of Kalamazoo and the Kalamazoo Police Department's failure to adequately train, supervise, and discipline its police officers.

## **FACTS**

10. That on May 22, 2008, in the afternoon hours, Plaintiff was walking through the Kalamazoo Downtown Bus Terminal preparing to catch a bus home. That at the time, the Plaintiff was 16-years-old, stood approximately 5'4, weighed about 130 lbs., had been diagnosed as mentally retarded and was generally physically inferior in size and strength as compared to Defendant Nugent.

11. That Defendant Nugent for no lawful reason came upon the bus where Plaintiff along with other passengers boarded and was waiting for the bus driver in order to pay the necessary bus fare.

12. That while waiting for the bus driver, Defendant Nugent began to verbally harass Plaintiff about why he was not alllegedly in school.

13. That Plaintiff asked Defendant Nugent to stop harassing him and to leave him alone.

14. That instead of leaving the Plaintiff alone, Defendant Nugent grabbed Plaintiff and forceably escorted him off the bus without probable cause or reasonable suspicion that Plaintiff was engaged in any wrongdoing or violations of the law.

15. That once Plaintiff was off the bus, he repeatedly questioned the Defendant as to why he was being harassed, where upon the Defendant responded that "I can harass you because I can."

16. That Plaintiff was handcuffed and driven to the precinct.

17. That after Plaintiff was taken out the patrol vehicle, Defendant Nugent choked Plaintiff for no reason and Plaintiff did not present a threat as he was in handcuffs double locked behind his back.

18. That as Plaintiff was brought into the hallway of the Kalamazoo Police Station, Defendant Nugent began to choke Plaintiff and threw Plaintiff against the wall and repeatedly asked Plaintiff his name when in fact, he was very familiar with the Plaintiff.

19. That when escorting Plaintiff down the hall in handcuffs, Defendant Nugent grabbed Plaintiff by his arm and smashed Plaintiff's face into the brick wall causing his front teeth to be knocked out.

20. That after Plaintiff was injured, Defendant Nugent along with other officers who have yet to be identified laughed at the Plaintiff and did not seek immediate medical attention.

21. That the Defendant falsely charged the Plaintiff with Obstructing and Resisting an Officer. Thereafter, said false charges being dismissed.

22. That the acts of Defendant Nugent was purposeful, willful, wanton and deliberately indifferent.

### FIRST CLAIM
### DEREK NUGENT

### [42 U.S.C. § 1983]

23. That Defendant Derek Nugent, under color of state law, deprived Plaintiff of his rights and privileges conferred by the Fourth and Fourteenth Amendments of he United States Constitution. Defendant violated Plaintiff's right to be free from unreasonable search and seizure, false arrest and excessive force.

### SECOND CLAIM

### [42 U.S.C. § 1983]

24. That Defendants City of Kalamazoo and the Kalamazoo Police Department developed and maintained policies, practices and customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Kalamazoo, which caused violations of Plaintiff's civil rights. In addition, City of Kalamazoo and the Kalamazoo Police Department failed to promulgate policies, practices and procedures designed to protect the civil rights of citizens, thereby resulting in flagrant violations of Plaintiff's constitutionally protected civil rights.

25. That Defendants City of Kalamazoo and the Kalamazoo Police Department had, and continue to have, a policy, practice and custom of inadequately and improperly investigating

complaints of misconduct. Instead, acts of police misconduct are tolerated by the City of Kalamazoo and the Kalamazoo Police Department.

26. That Defendants City of Kalamazoo and the Kalamazoo Police Department have, a policy, practice and custom of inadequately and improperly supervising, training, and disciplining its police officers, including Defendant Derek Nugent, thereby, failing to adequately prevent and discourage further constitutional violations on the part of its police officers.

27. That as a result of the policies, practices and customs described herein, police officers of the City of Kalamazoo, including Defendant Derek Nugent, believed that his actions would not be properly monitored by supervisory officers and the misconduct would not be investigated or sanctioned, but would be tolerated.

28. That the above described policies, practices and customs demonstrated a deliberate indifference on the part of policymakers of the City of Kalamazoo and the Kalamazoo Police Department to the constitutional rights of person within the City of Kalamazoo, and was the cause of the violations of Plaintiff's constitutional rights.

**THIRD CLAIM**

**(DEPRIVATION OF CIVIL RIGHTS: UNREASONABLE SEIZURE)**

29. That Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint

as though fully set forth herein verbatim.

30. That the Defendants acted under the color of state law when they engaged in the actions described herein.

31. That by seizing, restraining and/or incarcerating Plaintiff, the actions of said Defendants, as described more fully herein, deprived the Plaintiff of his right to be free from unreasonable seizures as secured by the Fourth Amendment to the United States Constitution and were in violation of 42 U.S.C. Section 1983.

32. That as a direct and proximate result of said Defendants actions, Plaintiff has suffered deprivation of his liberty while incarcerated; personal injuries specifically including but not limited to his wrist, back, neck, face, head, hands, shoulders; damage to his reputation; emotional psychological damages, physical pain and suffering, economic damages in the form of loss wages and/or other damages to be more fully set forth at the trial of the within matter.

### FOURTH CLAIM

### (UNLAWFUL RESTRAINT)

33. That Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

34. That Plaintiff was restrained of his liberty and freedom when he was confined within the City of Kalamazoo jail as

described herein.

35. That said restraint was unlawful, without probable cause, and/or against the will of the Plaintiff.

36. That the Defendants above intended to restrict the freedom of the Plaintiff by confining Plaintiff in the City of Kalamazoo jail.

37. That as a direct and proximate result of said confinement, Plaintiff was deprived of his liberty for an extended period of time and suffered emotional, physical and/or psychological damages.

### FIFTH CLAIM

### (ASSAULT-EXCESSIVE FORCE)

38. That Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

39. That on information and belief, Defendant Derek Nugent, acting within the course and scope of his employment with the City of Kalamazoo Police Department directly responsible under the Defendant City of Kalamazoo, wilfully threatened and/or attempted to harm or touch Plaintiff offensively, and in excess of any legal right which they may have had, constituting excessive force.

40. That said Defendants' actions reasonably placed Plaintiff in fear of offensive contact.

41. That said Defendants knew with substantial certainty that their actions would bring about harmful of offensive contact

to Plaintiff.

42. That as a direct and proximate result of the actions of said Defendants, Plaintiff was placed in apprehension and/or fear of harmful and offensive physical contact.

### SIXTH CLAIM

### (BATTERY-EXCESSIVE FORCE)

43. That Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

44. That the Defendants intended to cause harmful or offensive contact with Plaintiff and harmful and/or offensive contact to Plaintiff resulted and/or said Defendants caused harmful or offensive contact with Plaintiff in excess of any legal right which they may have had, constituting excessive force.

45. That as a proximate result of the actions of said Defendants, Plaintiff did incur physical and psychological pain, suffering, and/or discomfort as more fully described herein.

### SEVENTH CLAIM

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

46. That Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

47. That the actions of each and every named Defendant herein intended to and/or should have known that the herein described actions taken would result in serious infliction of emotional distress upon the Plaintiff.

48. That each and every Defendants' conduct was so extreme, utterly intolerable, and/or outrageous as to go beyond all possible bounds of decency.

49. That as a direct and proximate result of each and every Defendants' conduct, Plaintiff has suffered and will continue to suffer serious mental, emotional, and/or psychological damages including, but not limited to: embarrassment, frustration, apprehension, and/or apprehension of possible physical harm.

50. That said mental, emotional, and/or psychological injuries to Plaintiff were incurred as a direct and proximate result of each and every Defendants' conduct, both individually and collectively, are serious, and are of such a nature that no reasonable person could be expected to endure it.

### EIGHTH CLAIM

#### (RECKLESS INFLICTION OF EMOTIONAL DISTRESS)

51. That Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

52. That each and every Defendant herein, both individually and collectively, recklessly acted in such an extreme and

outrageous manner that said Defendants should have known that the herein described actions taken would result in serious infliction of emotional distress upon the Plaintiff.

53. That said Defendants' reckless conduct was so extreme, utterly intolerable, and/or outrageous as to go beyond all possible bounds of decency.

54. That as a direct and proximate result of said Defendants' conduct, Plaintiff has suffered and will continue to suffer serious mental, emotional and/or psychological damages including, but not limited to: embarrassment, frustration, apprehension, and/or apprehension of possible physical harm.

55. That said mental, emotional, and/or psychological injuries to Plaintiff was incurred as a direct and proximate result of each and every Defendants' conduct, both individually and collectively, are serious, and are of such a nature that no reasonable person could be expected to endure it.

**PLAINTIFF DEMANDS A JURY TRIAL.**

s/Arnold E. Reed
ARNOLD E. REED & ASSOCIATES, P.C.
Attorney for Defendant
32255 Northwestern Hwy., Ste. 251
Farmington Hills, MI 48334
(248) 855-6330
arnoldreed@earthlink.net
(P46959)

Dated: September 29, 2008